UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENGGUO YAN,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04744 ADS<br><br>ORDER GRANTING PETITION AND DENYING MOTION FOR ORDER TO SHOW CAUSE |

**A. <u>The Petition</u>**

Petitioner Shengguo Yan filed the instant Petition on August 20, 2026, requesting habeas corpus relief and seeking immediate release from immigration detention and an injunction against future detention without adequate procedural due process. [Dkt. No. 1]. According to the Petition, Petitioner was apprehended by immigration officers when entering the United States approximately four years ago, at which point Petitioner was released under the Intensive Supervision Appearance Program ("ISAP"). [Dkt. No. 1 at 13, 15]. On August 16, 2026, Petitioner was placed into

immigration detention without notice or a hearing. [Dkt. No. 1 at 15]. In Respondents' Answer, the Respondents state they "are not presenting an opposition argument."[1] [Dkt. No. 10]. Respondents concede the Petition and its requested relief. The unopposed Petition is granted.

**B. The Motion for Order to Show Cause**

In Petitioner's Motion for Order to Show Cause Re Civil Contempt ("Motion"), Petitioner alleges that Petitioner was transferred outside the Central District of California after the Petition was filed, which is in violation of General Order 26-05. [Dkt. No. 6]. The Motion argues that under General Order 26-05, Respondents were required to give the Court notice before transferring Petitioner outside the Central District of California. [Dkt. No. 6 at 3]. The Motion requests that Petitioner be returned to the Central District of California, Respondents be ordered to preserve all transfer-related records, and for Respondents to be directed to respond to an Order to Show Cause. [Dkt. No. 6 at 11]. In Respondents' Answer, Respondents provided a declaration from an immigration officer, which states that Petitioner was transferred outside the Central District of California on August 20, 2026. [Dkt. No. 10-1 at 1]. Respondents argue that because General Order 26-05 was entered on August 21, 2026, Respondent's had not received the General Order at the time of Petitioner's transfer. [Dkt. No. 10 at

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

2]. Respondents also point out that the Court maintains jurisdiction over the Petition because Petitioner was transferred after the Petition was filed. [Dkt. No. 10 at 2].

Petitioner was transferred to an immigration detention facility in Texas after the Petition was filed, but before General Order 26-05 was entered on August 21, 2026. [Dkt. No. 5; Dkt. No. 10.] Accordingly, Petitioner has not established that Respondents willfully violated General Order 26-05. The Court maintains jurisdiction over the Petition because Petitioner was only transferred outside the Central District of California after the Petition was filed. See Sosa v. Warden, Cent. Valley Annex Det. Facility, No. 1:26-CV-06422 DC SCR, 2026 WL 2410591, at *1 (E.D. Cal. Aug. 18, 2026) ("Because neither party disputes that Petitioner properly filed his habeas petition in the Eastern District, the Court does not lose jurisdiction over his pending habeas petition if Petitioner is transferred to another jurisdiction.") (cleaned up) (citations omitted).

**C. Conclusion**

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;
2. Respondents must immediately release Petitioner Shengguo Yan (A# 240-788-346) from immigration detention;
3. The Motion for Order to Show Cause Re Civil Contempt [Dkt. No. 6.] is denied; and
4. Judgment is to be entered accordingly.

DATED: September 2, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge